Filed 7/1/14  Keylon v. City of Dos Palos CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STACY KEYLON,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CITY OF DOS PALOS,<br><br>    Defendant and Appellant. | F067573<br><br>(Super. Ct. No. CV002744)<br><br>**OPINION** |

-ooOoo-

        APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

        Liebert Cassidy Whitmore, Jesse J. Maddox and Michael D. Youril for Defendant and Appellant.

        Law Offices of Thomas Perez and Thomas Perez for Plaintiff and Respondent.

-ooOoo-

        This appeal arises out of writ a proceeding concerning appellant City of Dos Palos' (City) decision to terminate the employment of respondent Stacy Keylon.

Before her termination, Keylon participated in a pre-termination hearing. However, because Keylon was denied the opportunity to provide mitigating facts, this hearing did not comply with the due process requirements set forth in *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 215 (*Skelly*).[1] Thereafter, Keylon met with the city manager, who upheld her termination. Keylon then participated in an arbitration hearing. The arbitrator also upheld the termination. Keylon was awarded back pay from the date of her termination until her appeal to the city manager when, in the arbitrator's opinion, an effective *Skelly* hearing was held. This was a period of approximately one month.

Keylon filed the underlying petition for writ of administrative mandamus challenging the arbitrator's decision under Code of Civil Procedure[2] section 1094.5. The City demurred on the ground that section 1285 et seq., applies to binding arbitration, not section 1094.5. The trial court overruled the City's demurrer.

In ruling on the petition, the trial court upheld Keylon's termination. However, the trial court awarded Keylon back pay from the termination date to the date the City "adopted" the arbitrator's decision, a period of approximately one year.

The City argues the trial court erred in overruling its demurrer because binding arbitration is subject to review under the standard set forth in section 1286.2. This section severely restricts the circumstances under which an award can be vacated. The City alternatively asserts that the trial court erred in increasing Keylon's back pay award because the hearing before the city manager satisfied the *Skelly* requirements.

---

[1] *Skelly* requires that, before taking punitive action against a civil service employee, the public agency must accord the employee certain procedural rights. "As a minimum, these preremoval safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." (*Skelly, supra,* 15 Cal.3d at p. 215.)

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

The trial court used the incorrect standard when it reviewed the arbitration award. Keylon is bound by the arbitrator's decision. Accordingly, the judgment will be reversed.

## BACKGROUND

The City employed Keylon as a public safety dispatcher. The City is a public agency and thus Keylon was a public employee. Keylon, as a permanent public employee, had a property interest in the continuation of her employment that was protected by due process. (*Skelly, supra,* 15 Cal.3d at p. 206.) It is undisputed that Keylon could only be discharged for cause and was entitled to due process in connection with her discharge.

Following an administrative investigation, Police Chief Barry Mann served Keylon with a notice of intent to discipline. This notice called for termination of Keylon's employment for conduct related to bringing a loaded handgun to work.

At Keylon's request, a pre-termination *Skelly* hearing was held on April 28, 2011. Mann served as the hearing officer. Keylon responded to the charges but was not permitted to explain that she brought the gun to work because she feared her husband. Mann decided to uphold the termination decision effective April 28 and advised Keylon in writing that she had a right to an evidentiary hearing before the city manager.

Keylon appealed Mann's decision to the city manager, Darrell Fonseca. Keylon acknowledged that, at the hearing held on May 23, 2011, she had a fair opportunity to present her position to Fonseca. On June 10, 2011, Fonseca upheld the decision to terminate Keylon's employment.

Thereafter, as authorized by the City's personnel rules, Keylon requested arbitration. The parties mutually selected an arbitrator and a hearing was held on January 30, 2012.

Keylon was represented by counsel at the arbitration hearing. The parties agreed that the matter was properly before the arbitrator. When the arbitrator asked about the effect of his decision, counsel for the City advised that, under the personnel rules, his

3.

arbitration decision was final. Keylon's attorney agreed to the arbitration decision being final.

The arbitrator issued his decision on April 6, 2012. The arbitrator upheld the termination. However, the arbitrator also found that Keylon was denied an effective *Skelly* hearing. The arbitrator concluded that Keylon should have been permitted to attempt to justify carrying a concealed weapon to work by explaining "the reasons she feared bodily harm from her husband." Accordingly, the arbitrator found Keylon was entitled to back pay. But, because the City allowed Keylon to appeal her case to the city manager about a month after the *Skelly* hearing, the arbitrator limited the City's pecuniary liability to that one month. The arbitrator determined that the hearing before the city manager cured the *Skelly* violation.

On June 21, 2012, Keylon filed the underlying petition for writ of administrative mandate challenging the arbitrator's decision under section 1094.5. Keylon alleged the decision was not supported by the evidence.

The City demurred to the petition arguing that the arbitration was final and binding and could not be challenged under section 1094.5. According to the City, to challenge the arbitration award, Keylon was required to show that the arbitrator committed fraud, was corrupt or engaged in other misconduct as set forth in section 1286.2. Therefore, Keylon failed to state a claim.

The trial court overruled the City's demurrer. The court concluded that Keylon was not bound by the City's personnel rules requiring final and binding arbitration of her claims absent a written agreement. The court further found the fact that Keylon arbitrated the issue could not be construed as an implied agreement to make the arbitration binding. Rather, Keylon was forced through the process.

In February 2013, the trial court issued an order on Keylon's petition. Exercising its independent judgment on review of the administrative record, the court upheld Keylon's termination. However, the court granted Keylon's petition on the claim that the

*Skelly* violation award was miscalculated. The court found that the arbitrator erred in limiting the award to approximately one month and instead awarded Keylon back pay "for the period from the date of termination until the date the arbitrator's decision was adopted by [the City]," i.e., from April 28, 2011 to April 9, 2012.

## DISCUSSION

The City argues the trial court erred in overruling its demurrer and reviewing the arbitrator's decision under section 1094.5. The City contends the arbitration was binding on Keylon and therefore the decision should have been reviewed under section 1285 et seq. Alternatively, the City argues its back pay obligation ended when the city manager issued his June 10, 2011 decision. According to the City, at that point the *Skelly* due process violation was corrected because Keylon had been given an opportunity to respond to the City, the authority that initially imposed the discipline. (*Barber v. State Personnel Bd.* (1976) 18 Cal.3d 395, 403.)

As noted above, the trial court concluded that Keylon was not bound by the personnel rules requiring final and binding arbitration because she did not agree to be bound by these rules in a written agreement.

Arbitration is a matter of contract. Accordingly, a party who has not agreed to arbitrate a controversy cannot be compelled to do so. (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59.) Further, the party seeking to compel arbitration has the burden of proving the existence of a valid agreement to arbitrate. (*Ibid.*)

The City argues that Keylon became subject to the City's personnel rules when she accepted employment with the City, a public agency, and thus was subject to binding arbitration. According to the City, the trial court's reliance on *Sparks v. Vista Del Mar Child & Family Services* (2012) 207 Cal.App.4th 1511 was misplaced because that case addressed a *private* employer's motion to compel arbitration. In *Sparks*, the court held

5.

that an arbitration clause in an employee handbook that was "distributed" to all employees did not create an enforceable agreement to arbitrate. (*Id*. at pp. 1522-1523.)

However, this court need not decide whether the City could have compelled Keylon to submit the dispute to binding arbitration based on its personnel rules. The question is whether Keylon waived this issue.

As outlined above, Keylon requested arbitration and the parties selected an arbitrator as set forth in the City's personnel rules. At the beginning of the arbitration hearing, Keylon, through her attorney, agreed that the matter was properly before the arbitrator and that the arbitrator's decision would be *final*. Keylon did not object to the binding nature of the arbitration at that time.

"[A] party may not agree to arbitrate a matter, participate in the arbitration and then attempt to avoid its binding nature when the result is unfavorable." (*NORCAL Mutual Ins. Co. v. Newton* (2000) 84 Cal.App.4th 64, 80.) In other words, a party is not permitted to sit on her rights, content in the knowledge that should she suffer an adverse decision, she could then attempt to vacate the arbitrator's award. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 30 (*Moncharsh*).) "A contrary rule would condone a level of 'procedural gamesmanship' that we have condemned as 'undermining the advantages of arbitration.'" (*Ibid*.)

Accordingly here, when Keylon agreed to, and knowingly participated in, the arbitration without objecting to the finality of the arbitrator's decision, she waived any claim regarding the validity of the arbitration provision or its binding nature. Therefore, the arbitrator's decision was binding and final.

Being binding and final, the merits of the arbitrator's decision were not subject to judicial review. (*Moncharsh, supra,* 3 Cal.4th at p. 11.) With narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law. (*Ibid*.) Courts will neither review the validity of the arbitrator's decision nor the sufficiency of the evidence supporting the arbitrator's award. (*Ibid*.)

The exclusive grounds for judicial review of arbitration awards are those found in section 1285 et seq., the statutes governing arbitration. (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 825.) The circumstances under which a court is to vacate an arbitration award include that "[t]he award was procured by corruption, fraud or other undue means"; there was corruption in the arbitrators; the rights of the party were substantially prejudiced by misconduct of the arbitrators; or the arbitrators exceeded their powers. (§ 1286.2, subd. (a).)

Keylon's petition did not allege any grounds set forth in section 1286.2 for review of the arbitrator's award. Rather, Keylon sought review under section 1094.5. She alleged that the arbitrator's decision was not supported by the evidence and that her back pay was not correctly calculated. Since Keylon failed to set forth any valid grounds for review of the arbitrator's decision, the trial court erred in overruling the City's demurrer. Keylon is bound by the arbitrator's decision, including the award of back pay.

## DISPOSITION

The judgment is reversed. The City is awarded its costs on appeal.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
POOCHIGIAN, J.


_____
PEÑA, J.

7.